# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| BRENDA K. MILLS, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | No. 4:08CV310 CDP |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Brenda K. Mills' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1]. Having reviewed the petition, the Court will order the movant to show cause as to why the Court should not dismiss the instant petition as time-barred.

On March 4, 2005, after Mills pled guilty to making a false statement to the Department of Labor, the Court sentenced Mills to three (3) years of probation. Mills did not file an appeal. Mills seeks to vacate, set aside or correct her sentence, citing numerous grounds for relief.

Rule 4(b) of the Rules Governing § 2255 Proceedings for the United States District Courts provides that a district court may summarily dismiss a § 2255 motion if it plainly appears that the movant is not entitled to relief.

Under 28 U.S.C. § 2255:

> A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from the latest of--
>
> > (1) the date on which the judgment of conviction becomes final;
> >
> > (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> >
> > (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

An unappealed criminal judgment becomes final for purposes of calculating the time limit for filing a motion under § 2255 when the time for filing a direct appeal expires. Moshier v. United States, 402 F.3d 116, 118 (2nd Cir. 2005). In this case, the judgment became final on March 14, 2005, which is ten days after the judgment was entered. Fed. R. App. Proc. 4(b)(1). As a result, the one-year period of limitations under § 2255 expired approximately two years ago, on March 14, 2006.

Accordingly,

**IT IS HEREBY ORDERED** that no order to show cause shall issue at this

time as to respondent, because the instant motion to vacate, set aside or correct sentence appears to be time-barred under 28 U.S.C. § 2255.

**IT IS FURTHER ORDERED** that the movant shall show cause within thirty (30) days of the date of this Order as to why the Court should not dismiss the instant motion to vacate, set aside or correct sentence as time-barred. Movant's failure to file a show cause response shall result in the denial of the instant motion and the dismissal of this action.

Dated this 19th day of March, 2008.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE