```
         IN THE UNITED STATES DISTRICT COURT FOR THE
                  EASTERN DISTRICT OF MISSOURI
                        ST. LOUIS DIVISION

BRENDA MILLS, M.D.,           )
                              )
              Petitioner,     )       4:08CV310
                              )
     v.                       )
                              )
UNITED STATES OF AMERICA,     )       MEMORANDUM OPINION
                              )
              Respondent.     )
_____)
```

This matter is before the Court on the motion of the petitioner to vacate, set aside judgment or, alternatively, correct sentence (Filing No. 1). This motion was filed on March 3, 2008. The Court[1] ordered the petitioner to show cause why her motion should not be denied as time barred, and on April 17, 2008, the petitioner filed that response. The Court then directed the government to respond to petitioner's motion, and the government filed its response on July 21, 2008 (Filing No. 7). Subsequently, petitioner filed her reply to the government's response on September 4, 2008 (Filing No. 10).

## HISTORY

The petitioner was originally indicted on February 3, 2004, charging Medicare fraud, false statements relating to health matters, and mail fraud. On August 26, 2004, a superseding indictment was filed, generally containing the same

---

[1] The Honorable Catherine D. Perry, United States District Judge, for the Eastern District of Missouri.

allegations of fraud.  The petitioner subsequently entered into a plea agreement with the government (Filing No. 132 in 4:04CR60). Pursuant to this plea agreement, she executed a waiver of indictment, and on November 8, 2004 , an information was filed (Filing No. 103 in 4:04CR60), which charged petitioner with one count of willfully making a false statement and representation as to a material matter to the United States Department of Labor in violation of 18 U.S.C. § 1001.  Pursuant to her plea agreement, the superseding indictment was dismissed following the sentencing of petitioner on March 4, 2005.  She was sentenced by Judge Catherine Perry to three years of probation, including within that three years, six months of house arrest (Filing No. 121 in 4:04CR60), filed March 4, 2005.  The defendant took no appeal from the entry of this judgment.

On March 6, 2006, petitioner filed a motion for reconsideration of the order of restitution (Filing No. 129 in 4:04CR60), which was denied by Judge Perry on March 22, 2006 (Filing No. 130 in 4:04CR60).  No appeal was taken from that order.

Subsequently, on March 3, 2008, she filed the present motion pursuant to 28 U.S.C. § 2255, docketed as Filing No. 1 in this civil case.  In her present § 2255 motion, she alleges five grounds: (1) lack of jurisdiction; (2) due process and

fundamental fairness; (3) new evidence; (4) prosecutorial misconduct; and (5) ineffective assistance of counsel.

Subsequently, this case was assigned to the undersigned following petitioner's filing of a civil rights complaint (4:08CV1850) on December 1, 2008, naming the United States Attorney and many of his Assistant United States Attorneys, together with Judge Perry and other government agents as defendants.

The government in its response to petitioner's § 2255 motion raised the statute of limitations as a defense since this motion was filed nearly three years after the judgment of conviction became final.

The Court has now reviewed petitioner's § 2255 motion, the government's response, and her reply to the government's response, as well as her response to Judge Perry's order that she show cause why it ought not to be dismissed as being untimely filed. The Court has also reviewed the transcripts of the petitioner's plea and sentencing hearings (Filing Nos. 110 and 128 in 4:04CR60). Upon a review of these matters, the Court believes that the only two issues which need to be addressed are petitioner's claim that the Court lacked jurisdiction over the charge contained in the information and whether her § 2255 motion should be denied as untimely filed. The Court finds that her claim based on due process and fundamental fairness is based on

information which was available to her in March of 2006 when she filed her motion to reconsider the order of restitution.

## JURISDICTION

The information (Filing No. 103 in 4:04CR60) charges as follows:

> On or about September 30, 2002, in the Eastern District of Missouri, BRENDA MILLS, M.D. the defendant, in a matter within the jurisdiction of the United States Department of Labor, an agency and department of the United States, did knowingly and willfully make a false statement and representation to a material matter in that the defendant stated and represented that an employee in her medical practice was a physical therapist whereas, as the defendant well knew, that person was not a physical therapist and her services were not properly billable to the Department of Labor.
>
> In violation of Title 18, United States Code, Section 1001.

During the plea hearing, the following questions were asked of the petitioner by the Court, and she made the following answers under oath:

> Q. The next section has to do with the sentencing recommendations, and we have discussed those. Over on page seven and eight then, there is a section called Stipulation of Facts Relevant to Sentencing. Did you read that section carefully?
>
> A. Yes, I did.

Q. Are the matters set out there true?

A. Yes.

Q. As to the count of conviction, it says that as part of your medical practice, you submitted a series of forms, HCFA forms detailing treatments that a patient who has the initials of CC and was a postal employee received from June, 2002, through September of 2003, and in doing that, you knew that these claim forms submitted to the Department of Labor were used to determine amounts that the Department of Labor owed for the medical treatments of that patient. Is that true?

A. Yes.

Q. It says those forms included billings for physical therapy, and that around September 30th of 2002, you met with a nurse who was working for the Department of Labor and was evaluating the medical services for this patient's treatment, and that you told that nurse who worked for the Department of Labor that one of your employees was a physical therapist. Is that what you told her?

A. Yes.

Q. It says here that was a false statement, that person was not a physical therapist, and you made this false statement to the Department of Labor person. Is that true?

A. That is correct.

> Q. And you understood that that
> was material to the Department of
> Labor, and you did that knowingly
> and intentionally, is that correct?
>
> A. Yes.
>
> Q. It then says that you agree
> that the loss resulting in the
> criminal activity was more than
> $30,000 and less than $70,000, and
> that's as to the payment of CC, is
> that correct?
>
> A. Yes.
>
> . . . .
>
> THE COURT: Doctor Mills, what you
> have told me in answering my
> questions under oath here today and
> in signing this plea agreement is
> sufficient for me to accept your
> guilty plea, but I have not done
> that yet. You still have a chance
> right now to change your mind.
> This is your last chance, and I
> want to make sure. Do you want to
> go through with this guilty plea?
>
> THE DEFENDANT: Yes.
>
> THE COURT: Has anyone threatened
> you or forced you to make you plead
> guilty?
>
> THE DEFENDANT: No.
>
> THE COURT: Are you doing this of
> your own free will?
>
> THE DEFENDANT: Yes.

(Tr. 18-19; 21, Filing No. 110).

Her present contention appears to be that these answers were not true. However, she understood the questions; she

-6-

understood the nature of the charge; she understood that the statement she had made to the United States Department of Labor was false, and that it related to a material matter; and she subsequently entered a plea of guilty to that charge.  Under these circumstances, there is no merit to her claim that the Court lacked jurisdiction for the crime charged in the information.

**TIMELINESS**

The Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA) (Pub.L. 104-132, 110 Stat. 1214) imposed among other things a one-year statute of limitation on motions seeking to modify, vacate, or correct federal sentences.  *See Johnson v. United States*, 544 U.S. 295, 299, 125 S.Ct. 1571, 161 L.Ed.2d 542 (2005).  As relevant to this motion, that year would commence to run either from (a) the date on which the judgment of conviction becomes final (in this case, March 14, 2005), or (b) the date on which the facts supporting the claim or claims presented could have been discovered through exercise of due diligence.  *See* 28 U.S.C. § 2255(f)(1)(4).  Within one year of the date her conviction became final, petitioner filed a motion to reconsider her sentence in which she substantially raised the same issues which she now raises in her § 2255 motion.  Therefore, she had sufficient information at that time upon which she could make the claims that she had received ineffective assistance of counsel or

had been the subject of prosecutorial misconduct.  Her due process and fundamental fairness claim is essentially premised on these two claims.  However, her motion was denied by Judge Perry on March 22, 2006, and she perfected no appeal, waiting nearly two years to file her § 2255 motion.  The Court finds that the motion is untimely filed, and it should be denied.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 24th day of March, 2009.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court